IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

DANIEL A. THOMPSON,           )
                              )
            Plaintiff,        )
                              )
       v.                     )   Civil Action No. 09-193J
                              )
MICHAEL J. ASTRUE,            )
COMMISSIONER OF               )
SOCIAL SECURITY,              )
                              )
            Defendant.        )

MEMORANDUM JUDGMENT ORDER

AND NOW, this 29th day of September, 2010, upon due consideration of the parties' cross-motions for summary judgment pursuant to plaintiff's request for review of the decision of the Commissioner of Social Security ("Commissioner") denying plaintiff's applications for disability insurance benefits and supplemental security income under Titles II and XVI, respectively, of the Social Security Act ("Act"), IT IS ORDERED that the Commissioner's motion for summary judgment (Document No. 18) be, and the same hereby is, granted and plaintiff's motion for summary judgment (Document No. 16) be, and the same hereby is, denied.

As the factfinder, an Administrative Law Judge ("ALJ") has an obligation to weigh all of the facts and evidence of record and may reject or discount any evidence if the ALJ explains the reasons for doing so. Plummer v. Apfel, 186 F.3d 422, 429 (3d Cir. 1999). Importantly, where the ALJ's findings of fact are

supported by substantial evidence, a reviewing court is bound by those findings, even if it would have decided the factual inquiry differently. Fargnoli v. Massanari, 247 F.3d 34, 38 (3d Cir. 2001). These well-established principles preclude a reversal or remand of the ALJ's decision here because the record contains substantial evidence to support the ALJ's findings and conclusions.

Plaintiff protectively filed his pending applications[1] for disability insurance benefits and supplemental security income on August 16, 2006, and October 6, 2006, respectively, alleging a disability onset date of July 12, 2005, due to a lower back impairment. Plaintiff's applications were denied initially. At plaintiff's request an ALJ held a hearing on February 20, 2008, at which plaintiff, represented by counsel, appeared and testified. On October 16, 2008, the ALJ issued a decision finding that plaintiff is not disabled. On May 29, 2009, the Appeals Council denied review making the ALJ's decision the final decision of the Commissioner.

Plaintiff was 36 years old at the time of the ALJ's decision and is classified as a younger person under the regulations. 20 C.F.R. §§404.1563(c) and 416.963(c). He has a high school education and has past relevant work experience as a truck driver, mason, landscaper, carpenter and warehouse laborer. However,

---

[1] For purposes of plaintiff's Title II application, the ALJ found that plaintiff met the disability insured status requirements of the Act on his alleged onset date and had acquired sufficient coverage to remain insured through September 30, 2007.

plaintiff has not engaged in any substantial gainful activity since his alleged onset date.[2]

After reviewing plaintiff's medical records and hearing testimony from plaintiff and a vocational expert, the ALJ concluded that plaintiff is not disabled within the meaning of the Act. The ALJ found that although the medical evidence establishes that plaintiff suffers from the severe impairments of degenerative disc disease of the lumbar spine, depressive disorder and bipolar disorder, those impairments, alone or in combination, do not meet or equal the criteria of any of the impairments listed at Appendix 1 of 20 C.F.R., Part 404, Subpart P.

The ALJ also found that plaintiff retains the residual functional capacity to perform light work but with certain restrictions recognizing the limiting effects of his impairments. (R. 13). A vocational expert then identified numerous categories of jobs which plaintiff could perform based upon his age, education, work experience and residual functional capacity, including recreation aide, garment sorter, surveillance system monitor and document preparer. Relying on the vocational expert's testimony, the ALJ found that, although plaintiff cannot perform his past relevant work, he is capable of making an adjustment to work which exists in significant numbers in the national economy. Accordingly, the ALJ determined that plaintiff is not disabled.

---

[2] The record shows that although plaintiff alleges that he became disabled on July 12, 2005, due to injuries sustained in a motor vehicle accident, he actually has not worked at all since 2002.

The Act defines "disability" as the inability to engage in substantial gainful activity by reason of a physical or mental impairment which can be expected to last for a continuous period of at least twelve months. 42 U.S.C. §§423(d)(1)(A) and 1382c(a)(3)(A). The impairment or impairments must be so severe that the claimant "is not only unable to do his previous work but cannot, considering his age, education and work experience, engage in any other kind of substantial gainful work which exists in the national economy ...." 42 U.S.C. §§423(d)(2)(A) and 1382c(a)(3)(B).

The Commissioner has promulgated regulations incorporating a five-step sequential evaluation process[3] for determining whether a claimant is under a disability. 20 C.F.R. §§404.1520 and 416.920; Newell v. Commissioner of Social Security, 347 F.3d 541, 545 (3d Cir. 2003). If the claimant is found disabled or not disabled at any step, the claim need not be reviewed further. Id.; see Barnhart v. Thomas, 124 S.Ct. 376 (2003).

---

[3] The ALJ must determine in sequence: (1) whether the claimant currently is engaged in substantial gainful activity; (2) if not, whether he has a severe impairment; (3) if so, whether his impairment meets or equals the criteria listed in 20 C.F.R. Part 404, Subpart P, Appendix 1; (4) if not, whether the claimant's impairment prevents him from performing his past-relevant work; and, (5) if so, whether the claimant can perform any other work which exists in the national economy, in light of his age, education, work experience, and residual functional capacity. 20 C.F.R. §§404.1520 and 416.920. In addition, when there is evidence of a mental impairment that allegedly prevents a claimant from working, the Commissioner must follow the procedure for evaluating mental impairments set forth in the regulations. Plummer, 186 F.2d at 432; 20 C.F.R. §§404.1520a and 416.920a.

Here, plaintiff raises numerous challenges to the ALJ's findings: (1) the ALJ erred at step 3 by finding that plaintiff's impairments do not meet the criteria of any of the listed impairments; (2) the ALJ improperly evaluated the medical evidence; (3) the ALJ improperly evaluated plaintiff's credibility; (4) the ALJ's residual functional capacity finding and hypothetical to the vocational expert failed to account for all of plaintiff's impairments and limitations; and, (5) in assessing plaintiff's residual functional capacity the ALJ failed to consider all of plaintiff's impairments in combination. Upon review, the court finds that the ALJ properly evaluated the evidence and that all of the ALJ's findings are supported by substantial evidence.

Plaintiff's first argument is that the ALJ erred at step 3 by finding that plaintiff's impairments do not meet or equal the listings for musculoskeletal impairments or mental disorders. Upon review, the court is satisfied that the ALJ's step 3 finding is supported by substantial evidence.

At step 3, the ALJ must determine whether the claimant's impairment matches, or is equivalent to, one of the listed impairments. <u>Burnett v. Commissioner of Social Security Administration</u>, 220 F.3d 112, 119 (3d Cir. 2000). The listings describe impairments that prevent an adult, regardless of age, education, or work experience, from performing any gainful activity. <u>Knepp v. Apfel</u>, 204 F.3d 78, 85 (3d Cir. 2000); 20 C.F.R. §§404.1520(d) and 416.920(d). "If the impairment is

✤AO 72
(Rev. 8/82)

equivalent to a listed impairment then [the claimant] is per se disabled and no further analysis is necessary." Burnett, 220 F.3d at 119.

Here, as required, the ALJ identified Listing 12.04 - Affective Disorders as the relevant listed impairment for plaintiff's mental impairment and adequately explained why plaintiff's impairment does not meet or equal the severity of that listing. (R. 14-16); see Burnett, 220 F.3d at 120, n.2. In particular, the ALJ found that plaintiff failed to meet either the "B" or the "C" criteria of any of Listing 12.04 and adequately explained the basis for that finding in the decision. (Id.). As the required level of severity is met only when the requirements in both A and B of the listing are satisfied, or when the "C" criteria of that listing are met, the ALJ correctly concluded that plaintiff does not meet Listing 12.04. The ALJ's findings are supported by substantial evidence as outlined in the decision.

The ALJ likewise considered the medical evidence relating to plaintiff's back impairment (R. 13-14) in concluding that plaintiff does not meet or equal any of the listings in 1.00 for musculoskeletal system disorders and the record is clear that plaintiff's degenerative disc disease does not meet the criteria of Listing 1.04 governing disorders of the spine.

Moreover, plaintiff has failed to meet his burden of presenting any medical findings to either the ALJ or to this court showing that any of his impairments meet or equal any listed impairment. See Williams v. Sullivan, 970 F.2d 1178, 1186 (3d

Cir. 1992). Instead, plaintiff summarily states that the ALJ erred in finding that he failed to meet a listing without pointing to any evidence in the record that would support such a finding. In fact, there is no such medical evidence. Accordingly, the court finds plaintiff's step 3 argument to be without merit.

Plaintiff next challenges the ALJ's finding that plaintiff retains the residual functional capacity to perform less than the full range of light work. The court has reviewed the record and is satisfied that the ALJ's residual functional capacity finding is supported by substantial evidence.

At step 5 of the sequential evaluation process, the ALJ must show that there are other jobs existing in significant numbers in the national economy which the claimant can perform consistent with her medical impairments, age, education, past work experience and residual functional capacity. 20 C.F.R. §§404.1520(f) and 416.920(f). Residual functional capacity is defined as that which an individual still is able to do despite the limitations caused by her impairments. 20 C.F.R. §§404.1545(a) and 416.945(a); Fargnoli, 247 F.3d at 40.

Here, in rendering his residual functional capacity finding, the ALJ adequately considered all of the relevant medical evidence, as well as plaintiff's reported activities, and incorporated into his finding those limitations that reasonably could be supported by the medical and other relevant evidence. The court is satisfied that the ALJ's residual functional capacity finding is supported by substantial evidence.

AO 72
(Rev. 8/82)

Plaintiff alleges, however, that in rendering his residual functional capacity finding the ALJ erred in evaluating the medical evidence. Specifically, plaintiff alleges that the ALJ erred in not giving appropriate weight to the medical reports and opinions of his treating physicians. The court finds no error in the ALJ's evaluation of the medical evidence.[4]

The ALJ thoroughly and exhaustively addressed the relevant medical evidence in his opinion and adequately explained his reasons for the weight he accorded to the respective reports and opinions. (R. 18-19) The court has reviewed the ALJ's decision and the record as a whole and is convinced that the ALJ's evaluation of the medical evidence is supported by substantial evidence.

First, although plaintiff argues that the ALJ failed to give weight to the opinion of Dr. Bailey, plaintiff's treating orthopedic surgeon, that plaintiff could not return to his work as a carpenter, the ALJ explicitly stated in his opinion "[a]s to the opinion of Dr. Bailey, [the ALJ] agrees that [plaintiff] is

---

[4] Under the Social Security Regulations and the law of this circuit, opinions of treating physicians are entitled to substantial, and at times even controlling, weight. 20 C.F.R. §§404.1527(d)(2) and 416.927(d)(2); Fargnoli, 247 F.3d at 33. Where a treating physician's opinion on the nature and severity of an impairment is well supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with other substantial evidence in the record, it will be given controlling weight. Id. However, when a treating source's opinion is not entitled to controlling weight, it is evaluated and weighed under the same standards applied to all other medical opinions, taking into account numerous factors including the opinion's supportability, consistency and specialization. 20 C.F.R. §§404.1527(d) and 416.927(d).

unable to return to his previous work as a carpenter." (R. 19). Accordingly, the ALJ proceeded to step 5 and found plaintiff is able to perform other work.

The ALJ also expressly addressed in his decision the opinions of Dr. Gupta, a consultative physician who opined that plaintiff can never stoop, and Dr. Hmel, a consultative psychologist, who opined that plaintiff's prognosis for work re-entry is "poor," and explained why he did not give those opinions controlling weight. (R. 19).

In particular, the ALJ noted that both of those opinions: (1) were rendered after one-time only consultations and imposed more severe limitations than any of plaintiff's treating sources; (2) are inconsistent with other medical evidence in the record, including diagnostic testing and progress notes and reports from plaintiff's treating sources; (3) are inconsistent with plaintiff's wide range of daily activities, which include hunting, shopping and vacations; and, (4) are inconsistent with plaintiff's medication regimen and conservative history of treatment. (R. 19).

In addition, as to Dr. Hmel's opinion that plaintiff's prognosis for working is "poor," the ALJ correctly emphasized that the ultimate determination of disability under the social security regulations is for the Commissioner and the opinion of any medical source on that determination never is entitled to special significance. 20 C.F.R. §§404.1527(e) and 416.927(e); SSR 96-5p.

The ALJ did a thorough job in his decision in setting forth the relevant medical evidence and explaining why he gave no probative weight to the opinions at issue. The court has reviewed the ALJ's decision and the record as a whole and is convinced that the ALJ's evaluation of the medical evidence is supported by substantial evidence in the record.

The court also is satisfied that the ALJ properly evaluated plaintiff's subjective complaints of pain and limitations in accordance with the regulations in arriving at his residual functional capacity finding.[5] In assessing plaintiff's credibility, the ALJ considered plaintiff's subjective complaints, but <u>also</u> considered those complaints in light of the medical evidence, plaintiff's treatment history and all of the other evidence of record. In doing so, the ALJ found plaintiff's subjective complaints of debilitating pain and limitations inconsistent with the totality of the evidence. (R. 17-18). The ALJ adhered to the standards set forth in 20 C.F.R. §§404.1529(c) and 416.929(c) and SSR 96-7p and thoroughly explained his credibility finding in his decision. The ALJ's credibility determination is supported by substantial evidence.

---

[5] Allegations of pain and other subjective symptoms must be supported by objective medical evidence, 20 C.F.R. §§404.1529(c) and 416.929(c), and an ALJ may reject a claimant's subjective testimony if he does not find it credible so long as he explains why he is rejecting the testimony. <u>Schaudeck v. Commissioner of Social Security</u>, 181 F.3d 429, 433 (3d Cir. 1999); <u>see also</u> SSR 96-7p.

Plaintiff next argues that the ALJ erroneously relied upon the vocational expert's response to a hypothetical which did not take into account all of plaintiff's physical and mental impairments or incorporate an additional limitation accounting for plaintiff's need to be "off-task" more than 15% of the work day.[6]

However, as noted above, the ALJ's residual functional capacity finding accounted for all of the limitations arising from all of plaintiff's impairments and any additional limitations are not supported by the medical evidence of record. As a hypothetical to the vocational expert must reflect all of the claimant's impairments and limitations supported by the record, Podedworny v. Harris, 745 F.2d 210 (3d Cir. 1984), the ALJ did not err in rejecting a response to a hypothetical incorporating limitations not supported by the medical evidence. See Jones v. Barnhart, 364 F.3d 501, 506 (3d Cir. 2004) (ALJ has authority to disregard vocational expert's response to hypothetical inconsistent with evidence). Instead, the ALJ properly relied upon the testimony of the vocational expert in response to a hypothetical which did account for all of plaintiff's impairments and did incorporate all limitations actually supported by the record, and the vocational expert's testimony in response to that hypothetical constitutes substantial evidence supporting the ALJ's step 5 finding.

---

[6] At the hearing, the ALJ inquired of the vocational expert as to employers' guidelines that a person be "on job tasks" to which the vocational expert responded "[f]or unskilled work at least 85 percent or greater, when not on rest breaks." (R. 62).

Finally, to the extent plaintiff argues that the ALJ failed to consider the combined effects of all of plaintiff's medical conditions, both severe and non-severe, in assessing plaintiff's residual functional capacity, the record also fails to support that position. The ALJ specifically noted in his decision that he considered all of plaintiff's impairments in combination and his residual functional capacity finding demonstrates that he did just that. (R. 12-13). The court is satisfied that the ALJ took into consideration all of the medically supportable limitations arising from all of plaintiff's impairments, both severe and not severe, in combination, and that the ALJ's assessment is supported by substantial evidence.

After carefully and methodically considering all of the medical evidence of record and plaintiff's testimony, the ALJ determined that plaintiff is not disabled within the meaning of the Act. The ALJ's findings and conclusions are supported by substantial evidence and are not otherwise erroneous. Accordingly, the decision of the Commissioner must be affirmed.

/s/ Gustave Diamond
Gustave Diamond
United States District Judge

cc: J. Kirk Kling, Esq.
630 Pleasant Valley Boulevard, Suite B
Altoona, PA 16602

Stephanie L. Haines
Assistant U.S. Attorney
319 Washington Street
Room 224, Penn Traffic Building
Johnstown, PA 15901